IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR 12 AM 10: 11
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY

PREMIER RESEARCH LABS, LP and
NUTRACEUTICAL SYSTEMS
INTERNATIONAL, LP,
          Plaintiffs,

-vs-                                    Case No. A-13-CA-069-SS

ANDY NURMAN, Individually and d/b/a Eco
Wellness; FELICIA HALIM, Individually
and d/b/a Eco Wellness, SCIENTICA FOODS,
LLC; GOLDEN FRESH GROUP, LLC;
BORNEO MEDSPA, LLC; and KIAM LIM
          Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Golden Fresh Group, LLC, Scientica Foods, LLC, and Kiam Lim's Motion to Dismiss [#42], and Plaintiffs Premier Research Labs, LP and Nutraceutical Systems, International, L.P.'s Response [#48]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order DENYING the motion.

### Background

Plaintiffs Premier Research Labs, LP and Nutraceutical Systems, International, L.P. originally filed this lawsuit in state court against Defendants Andy Nurman and Felicia Halim in August 2011. Plaintiffs added Defendant Scientica Foods, LLC (Scientica) in November 2012, and the case was removed to this Court in December 2012. In November 2013, this Court granted Plaintiffs leave to file a third amended complaint, and they added Defendants Borneo MedSpa

(Borneo), Golden Fresh Foods, LLC (Golden Fresh), and Kiam Liam. Plaintiffs' third amended complaint asserts thirteen causes of action against the various Defendants.

Plaintiffs' factual allegations are fairly straightforward. Premier is in the business of manufacturing and selling dietary supplements through qualified health care practitioners. Nutraceutical Systems (NSI), a related entity to Premier, at one time employed Defendants Nurman and Halim to market and sell Premier's products. NSI fired Nurman allegedly because he was committing fraud to collect unearned commissions, and Nurman's wife, Halim, resigned soon thereafter.

Since the end of their employment with NSI, Premier alleges Nurman and Halim have been violating the terms of their non-compete and/or confidentiality agreements with Plaintiffs while also engaging in other unlawful conduct in connection with the selling and/or producing of dietary supplements. Plaintiffs allege Golden Fresh, Scientica, and Lim (the Lim Defendants) participated in some of the unlawful conduct. Nurman was employed by Golden Fresh after his employment with NSI, and he allegedly continued to market and sell Premier's products illegally through his employment with the Lim Defendants.

The Lim Defendants are the subject of some, but not all, of the thirteen causes of action. They filed the instant motion seeking the dismissal of: (1) Count V: interference with existing and prospective economic relationships; and (2) Count XII[1]: Conspiracy/Aiding and Abetting. Plaintiffs filed a Response. The Lim Defendants have also filed a Motion for Partial Summary Judgment [#44], in which they seek judgment on the same two counts as in their Motion to Dismiss as well as

---

[1] Premier erroneously labeled this claim Count XI in its Third Amended Complaint, but it is, in fact, the twelfth count listed. Therefore, the Court refers to it as Count XII. See Pls.' 3d Am. Compl. [#32], at 24–26.

Count VI: Trade Secret Misappropriation. The Court granted Plaintiffs a continuance for time to respond to this motion, and their Response is now due forty-five days from entry of this Court's Order of March 10, 2014 [#65].

## Analysis

### I. Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and

common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

### A.   Interference with Existing and Prospective Economic Relationships

Plaintiffs brought this count against Defendants Nurman, Halim, Borneo, and Golden Fresh, and the Lim Defendants seek the dismissal of this claim as it pertains to Golden Fresh.

### 1.   Tortious Interference with Existing Contract

To state a claim for tortious interference with existing contract, Plaintiffs must allege: (1) they had a valid contract; (2) Golden Fresh willfully and intentionally interfered with the contract; (3) the interference proximately caused Plaintiffs' injury; and (4) Plaintiffs incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

The Lim Defendants argue Plaintiffs do not plead the necessary facts to show which, if any, contract existed between Plaintiffs and a third party with which Golden Fresh interfered. Plaintiffs, however, allege they had a confidentiality agreement with Nurman as well as agreements with Nurman and Halim that they would abide by the terms and conditions of an employee handbook. Pursuant to these agreements, Nurman and Halim were prohibited from using Plaintiffs' confidential and proprietary information to advance private interests and from competing against Plaintiffs. Furthermore, Plaintiffs allege Nurman and Halim engaged in at least some of their illegal conduct through their employment with Golden Fresh. Plaintiffs assert Golden Fresh benefitted from the confidential and privileged trade secret information Nurman and Halim had acquired while employed

with Plaintiffs, and induced these breaches of the agreements as well as breaches of fiduciary duties Nurman and Halim owed Plaintiffs. Plaintiffs provide sufficient factual allegations supporting the existence of a contract as well as the rest of the elements of tortious interference with existing contract. *See* Pls.' 3d Am. Compl. [#32], ¶¶ 46–49. Therefore, the Court DENIES the motion to dismiss this cause of action against Defendant Golden Fresh.

### 2. Tortious Interference with Prospective Relations

To state a claim for tortious interference with prospective relations, Premier must allege: (1) there was a reasonable probability Premier would have entered into a business relationship with a third party; (2) Golden Fresh intentionally interfered with the relationship; (3) Golden Fresh's conduct was independently tortious or unlawful; (4) the interference proximately caused Premier's injury; and (5) Premier suffered actual damage or loss. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

The Lim Defendants argue Plaintiffs do not plead one single prospective relation that was reasonably likely to occur but which did not occur as a result of an intentional tortious act by Golden Fresh. Plaintiffs, however, allege Nurman and Halim, after they left Plaintiffs' employment, began contacting Plaintiffs' customers and prospective customers and began falsely representing Plaintiffs had discontinued certain products while telling these customers these products could still be purchased through Nurman and Halim. Plaintiffs assert Nurman and Halim performed some of these activities through Golden Fresh. Plaintiffs allege when they learned what Nurman and Halim were doing, they stopped selling their products to Nurman and Halim, but Nurman and Halim continued to purchase these goods under the cover of Golden Fresh. Plaintiffs allege Nurman has admitted under oath that through November of 2012 (over a year after this suit had been filed in state court),

approximately 70% of Nurman's income from Golden Fresh was through the sale of products manufactured by Premier and which were sold in competition with Premier. In May 2011, Plaintiffs assert Nurman signed a Texas Franchise Tax Public Information Report acknowledging he was a "member" of Golden Fresh. Plaintiffs allege Nurman and Halim attempted to disguise and hide their ownership interest in Golden Fresh throughout the course of their bankruptcy proceedings, and after these proceedings, Golden Fresh filed a certificate of amendment in which it instructed the Secretary of State to "remove Andy Nurman as a member, director or any officer/owner." *See* Pls.' 3d Am. Compl. [#32], ¶ 48. Plaintiffs allege Golden Fresh filed this certificate in an attempt to help Nurman fraudulently transfer his ownership interests to the Lim Defendants.

With these pleaded facts as well as others in the complaint, Plaintiffs have provided sufficiently specific factual allegations supporting the existence of prospective relations that were reasonably likely to occur but which did not occur as a result of an intentional tortious act by Golden Fresh. Plaintiffs' allegations also provide a basis for the rest of the elements of tortious interference with prospective relations. Therefore, the Court DENIES the motion to dismiss this cause of action against Defendant Golden Fresh.

**B.     Aiding and Abetting**

Plaintiffs brought this count against all Defendants, and the Lim Defendants seek dismissal of this claim as it pertains to Scientica, Golden Fresh, and Lim. Plaintiffs specifically alleged three different but related theories: (1) conspiracy; (2) "assisting and participating" liability; and (3) "assisting or encouraging" liability. In their Motion to Dismiss, the Lim Defendants only challenge the latter two, and not conspiracy.

To establish "assisting and participating" liability, Plaintiffs must show: (1) the primary actor's activity accomplished a tortious result; (2) the Lim Defendants provided substantial assistance to the primary actor in accomplishing the tortious result; (3) the Lim Defendants' conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs; and (4) the Lim Defendants' participation was a substantial factor in causing the tort. *See City of Fort Worth v. Pippen*, 439 S.W.2d 660, 665 (Tex. 1969); *see also* Restatement (2d) of Torts § 876(c)f (elements 1–3), § 876(c) cmt. e (element 4) (1979).

The Lim Defendants argue Plaintiffs fail to plead any facts showing the Lim Defendants' own conduct, separate from Nurman or Halim, was a violation of some duty to Plaintiffs. Plaintiffs, though, have alleged the Lim Defendants, in filing a certificate of amendment with the Secretary of State to "remove Andy Nurman as a member, director or any officer/owner" of Golden Fresh, provided substantial assistance to Nurman and Halim in their fraudulent transfer of their ownership interests from Nurman and Halim to the Lim Defendants. Plaintiffs allege the Lim Defendants have a duty not to participate in fraudulent transfers, not misappropriate trade secrets, or commit other unlawful acts to assist Nurman and Halim. Plaintiffs also allege Golden Fresh and Lim provided substantial assistance because it was through their employment of Nurman and Halim that Nurman and Halim breached their contractual obligations and fiduciary duties to Plaintiffs. Lim, as managaer of Golden Fresh, had authority over Nurman's activities while employed with Golden Fresh, and Plaintiffs assert Lim provided the means by which Nurman committed his unlawful acts against Plaintiffs. The Court finds these allegations sufficient and denies the motion to dismiss concerning this claim.

To establish "assisting or encouraging" liability, Plaintiffs must show: (1) the primary actor committed a tort; (2) the Lim Defendants had knowledge that the primary actor's conduct constituted a tort; (3) the Lim Defendants had the intent to assist the primary actor in committing the tort; (4) the Lim Defendants gave the primary actor assistance or encouragement; and (5) the Lim Defendants' assistance or encouragement was a substantial factor in causing the tort. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996).

The Lim Defendants argue Plaintiffs fail to plead any facts showing the Lim Defendants provided "substantial" assistance or encouragement to a primary actor in the commission of any particular tort, nor have Plaintiffs pleaded facts to indicate such substantial assistance or encouragement was a "substantial factor" in causing any tort to occur. Plaintiffs' factual allegations mirror those from their "assisting and participating" claim, and the Court finds these alleged facts sufficient to avoid 12(b)(6) dismissal.

## Conclusion

While the Court acknowledges as legitimate the Lim Defendants' contention Plaintiffs' pleadings lack specificity in their factual allegations, particularly with the aiding and abetting theories, the Court chooses not to address these specificity concerns at this stage of the litigation. This decision is largely based on the halting progression of the case to this point. The Lim Defendants were only recently added to this case as part of Third Amended Complaint. In addition, discovery in this matter has moved at a snail's pace and has required the intervention of the Court on multiple occasions. Most recently, the parties reported to the Court at a hearing on March 7, 2014, that discovery was underway, and the Court has given Plaintiffs a deadline by which to respond to the Lim Defendants' Motion for Partial Summary Judgment, which seeks judgment on

all of the claims contained in this motion to dismiss. Therefore, the Court sees no reason to dismiss these claims for lack of specificity at this point with the discovery and briefing on the summary judgment motion soon to be completed.

Accordingly,

IT IS ORDERED that Defendants Golden Fresh Group, LLC, Scientica Foods, LLC, and Kiam Lim's Motion to Dismiss [#42] is DENIED.

SIGNED this the 12th day of March 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE